UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RONALD D. MINNIEFIELD,<br><br>      Plaintiff,<br><br>  vs.<br><br>PENNINGTON COUNTY JAIL; BRIAN MUELLER, Pennington County Sherriff, individual and official capacity; DONELL WELCH, Pennington County Jail Administrator, individual and official capacity; PENNINGTON COUNTY JAIL COMMANDER, individual and official capacity; C. CPT. MUNSH, Pennington County Jail, individual and official capacity; CAPTAIN WADE ANDERSON, Pennington County Jail, individual and official capacity; L.P.N. MORFORD, individual and official capacity; R.N. RUNSAGAINST, individual and official capacity; JASMINE T., Medical Asst., individual and official capacity; and TAYLOR MUHLBREIR, individual and official capacity,<br><br>      Defendants. | 5:26-CV-05016-KES<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT |

  Plaintiff, Ronald D. Minniefield, an inmate at the Lawrence County Jail, filed a pro se civil rights lawsuit. Docket 1. Minniefield filed a motion for leave to proceed in forma pauperis and included a prisoner trust account report. Dockets 2, 3.

Minniefield titled his filing as a "Motion to File a Complaint of 5th Amendment[]" and as relief, requested certain documents so that he "can pursue a civil action against the defendants[.]" *Id.* at 1, 3 (capitalization in original omitted). But the Federal Rules of Civil Procedure do not allow for commencement of actions for the purpose of seeking documents to prepare a complaint. *See, e.g., In re CenturyLink Sales Prac. & Sec. Litig.*, 2022 WL 486996, at *4 (D. Minn. Feb. 17, 2022) ("the Federal Rules of Civil Procedure generally do not allow pre-complaint discovery[]"); *United States v. Basic*, 2020 WL 3979582, at *2 (D.N.D. July 14, 2020) ("in civil cases generally, a party is not entitled to discovery before an action is brought — indeed, he may not seek discovery until after he has not only filed a complaint, but a well-pleaded one." (quoting *United States v. Cuya*, 694 F.3d 969, 973 (11th Cir. 2020)). Therefore, Minniefield's complaint (Docket 1) is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(2) and 1915A(b)(1). Minniefield may file a new complaint in a new action asserting his claims and requesting relief that this court is able to grant.

Because his complaint is dismissed, Minniefield's motion for leave to proceed in forma pauperis (Docket 2) is denied as moot.

Thus, it is ORDERED:

1. That the Clerk of Court send Minniefield the forms for a pro se civil rights complaint by a prisoner and a blank prisoner trust account report.

2. That Minniefield's complaint (Docket 1) is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(2) and 1915A(b)(1).

3. That Minniefield's motion for leave to proceed in forma pauperis (Docket 2) is denied as moot.

Dated February 19, 2026.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE